# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

IN RE:

Joan Rosanne Pritchard                   CASE NO. 20-72002-SCS
       Debtor                                    CHAPTER 7

## ORDER APPROVING SALE OF REAL PROPERTY
## AND PAYMENT OF COMMISSION TO AGENT

**UPON** the Motion (the "Sale Motion") of Karen M. Crowley, the Chapter 7 Bankruptcy Trustee (the "Trustee") for the Bankruptcy Estate of Joan Rosanne Pritchard (the "Debtor"), for the authority to sell Real Property (defined below) owned by the Debtor, and upon closing to pay a commission to the Agent (defined below). Notice of the Sale Motion was properly served on all required parties, and no party filed an objection in response. Based upon the uncontested allegations in the Sale Motion, for good cause shown, the Court makes the following findings of fact and conclusions of law:

1. That the Debtor commenced a voluntary Chapter 7 Bankruptcy on July 10, 2020.

2. The Trustee is the duly appointed Chapter 7 Bankruptcy Trustee in this case.

3. An asset of the bankruptcy estate to be liquidated for the benefit of the Debtor's creditors is a piece of real property, together with improvements thereon, located 3309 Armistead Dr., Portsmouth, VA (the "Real Property") more particularly described on the attached Exhibit A.

Karen M. Crowley, VSB #35881
Crowley Law P.C.
150 Boush Street, Suite 604
Norfolk, VA 23510
(757) 333-4502
kcrowley@crowleylawpc.com
Chapter 7 Trustee

4. Ben Rego, with Gallery of Homes Real Estate, LLC (the "Agent") was employed by the Trustee to market and sell the Real Property pursuant to a court order entered in this case on March 24, 2021, docket entry #27. The Agent is entitled to a commission of 6% upon the closing of the sale of the Real Property (the "Commission").

5. The Real Property is subject to a deed of trust in favor of Wells Fargo Bank, N.A. (the "Secured Lender") that will be paid in full from the proceeds of the sale.

6. The Agent listed the Real Property for sale and received an offer from Prosper-Dwellings Investments, LLC (the "Buyer"), which offer is set forth in the Property Purchase Agreement attached as Exhibit B (the "Contract"). As described in the Contract, the Buyer is willing to acquire the Real Property for $96,000.00 (the "Purchase Price").

7. The Contract represents the highest and best obtainable price for the Property, and the sale described in the Sale Motion is in the best interest of the estate.

8. The Commission payable to the Broker upon sale of the Real Property is reasonable under the circumstances.

9. In order to effectuate the sale of the Real Property in accordance with the Contract, The Debtor agreed to reduce her homestead exemption to $9,000.00.

10. Cause exists to waive the 14-day stay otherwise applicable pursuant to Fed. R. Bankr. P. 6004(h).

**IT IS HEREBY ORDERED AS FOLLOWS:**

A. The Sale Motion is approved and the Trustee is authorized to sell the Real Property in accordance with the Contract.

B. The Secured Lender shall be paid its full payoff at the closing on the sale of the Real Property.

C. The Agent is entitled to payment, at closing, of the commission described in the Employment Order and the Contract.

D. The homestead exemption of the Debtor shall be and hereby is reduced to $9,000.00, which amount shall be payable from the proceeds of the sale of the Real Property.

E. The Trustee is authorized to execute such documents and agreements and to take such action as the Trustee shall deem necessary or appropriate in connection with the sale of the Real Property in accordance with the Contract.

**ENTERED**: Jun 16 2021

/s/ Stephen C St-John

Chief Judge Frank J. Santoro
United States Bankruptcy Court
For the Eastern District of Virginia

I ASK FOR THIS:

Entered On Docket:  Jun 16 2021

/s/ Karen M. Crowley
Karen M. Crowley, Trustee
Chapter 7 Trustee

SEEN AND AGREED:

/s/ Joan Rosanne Pritchard    (permission by email on 6/15/21)
Joan Rosanne Pritchard

SEEN:

/s/Timothy V. Anderson
Timothy V. Anderson, Esq.
Counsel for the Debtor

SEEN AND NO OBJECTION:

/s/Nicholas S. Herron
Office of the United States Trustee

### Certificate of Compliance with Local Rule 9022-1

Pursuant to Local Rule 9022-1(C), I hereby certify that the foregoing Order has been served on and/or endorsed by all necessary parties, on this 16th day of June, 2021.

/s/ Karen M. Crowley
Karen M. Crowley

**PARTIES TO RECEIVE COPIES**

Office of the U.S. Trustee
Room 625, Federal Building
200 Granby Street
Norfolk, VA  23510

Timothy V. Anderson
Anderson & Associates, P.C.
2492 North Landing Road, , Suite 104
Virginia Beach, VA 23456

Joan Pritchard
3309 Armistead Dr
Portsmouth, VA  23704

## Exhibit A

ALL THAT certain lot, piece or parcel of land, with the buildings and improvements thereon and the appurtenances thereunto belonging now numbered 3309 North Armistead Drive, situate in the City of Portsmouth, State of Virginia, and known, numbered and designated as Lot Number Fifty (50) on the plat of the sub-division known as North Truxtun, made by S. W. Armistead, C.E., dated February, 1947, and duly recorded in the Clerk's Office of the Circuit Court of the City of Portsmouth, Virginia, in Map Book 2, at pages 37, 38, 39 and 40, to which plat is reference is hereby made for a more particular description of said land.

It Being the Same property conveyed to Robert Leroy McCurdy and Cornelia S. McCurdy, his wife, by deed dated February 3, 1981 from Robert Leroy McCurdy and Cornelia S. McCurdy, his wife, and duly recorded in the Clerk's Office of the circuit court in the City of Portsmouth, Virginia on February 17, 1981 in instrument no. Book 801, Page 178.

# PROPERTY PURCHASE AGREEMENT

This Purchase Agreement is made this 12th  day of May, 2021,

Between **Prosper-Dwellings Investments, LLC**  "Buyer", AND Karen Crowley, Chapter 7 trustee for Joan Prtichard Sellers".

**WITNESSETH:** that for and in consideration of the sum of:

 Ninety-six thousand & 00/100 **Dollars**

(**$** 96,000.00) All that certain piece, parcel or lot of land described as follows, to-wit:

Address: 3309 Armistead Dr., Portsmouth, VA. 23704
Legal Address:  50 ARMISTEAD DR
Parcel ID:  02040570

**THE PURCHASE PRICE to be paid as follows:**

1. EARNEST MONEY DEPOSIT: Earnest Money Deposit (EMD) in the amount of **$500.00** will be made and held by Coleman & Coleman, PLC.

2. POSSESSION: Possessions to be at settlement, or by separate possession agreement.

3. LOAN APPLICATION: Buyer has cash funding in place to purchase Property.

4. SETTLEMENT: Settlement to be on or before 06/14/2021  .   An additional thirty days will be allowed to correct any defects by a title examiner.

5. IF BUYER DEFAULTS: In the event Buyer defaults in the performance of any agreement herein binding upon Buyer, Seller may require specific performance by Buyer of this contract, or Seller may as its sole option, terminate this contract and in the event of such termination all rights of Buyer shall forthwith cease and terminate and Buyer shall forfeit any sums paid, which the parties shall agree shall constitute liquidated damages.

6. SETTLEMENT EXPENSES: Seller shall pay its own settlement fee, the expense of deed preparation, the Grantors tax on Deed and any costs associated with the clearing of any title defects.  Except otherwise stated below, Buyer shall pay in cash all costs and fees associated with its purchase of the property.  Any documents required by Buyer's lender(s), if any, and any recordation fees thereon, shall be borne by Buyer.

7. DEED AND TITLE: Seller agrees to convey the property by General Warranty Deed from owner of record, with the usual English Covenants of Title, subject to any easement and restrictions of record thereon not adversely affecting marketability of title. Title to the property shall be free and clear of all liens, tenancies, and encumbrances of every kind except those stated herein.

8. CONDITION OF PROPERTY: Any risk of loss or damage to the Property by fire or other casualty up to and during Settlement shall be borne by the Seller and any risk of damage to the property by fire or other casualty subsequent to settlement shall be borne by Buyer.

9. COST OF UTILITIES and TAP-ON FEES: Buyer shall be responsible for, and shall pay all installation cost and connection fees heretofore or hereafter imposed by any utility company and/or any governmental or quasi-governmental authority for the connection of utility service to the lot(s).

10. DAMAGE DUE TO INSPECTIONS: Buyer will perform no work to Property without specific written permission from Seller prior to closing.  Buyer will be responsible for returning property to its prior-to-inspection state.

Seller's Initials \_\_\_\_\_    Seller's Initials \_\_\_\_\_    Buyer's Initials *MWD*

11. LOT SIZE: If surveyor determines that the lot size is other than stated in this Agreement, contract shall be voidable at the discretion of Buyer.

12. PRORATIONS: All taxes, insurance, rents, interest and PUD fees and reserves are to be prorated as of the date of settlement.

13. SURVIVAL OF OBLIGATION: It is expressly understood and agreed that the provisions of this Agreement shall survive Settlement and Recordation of Deeds. This Agreement shall be binding upon the heirs, assigns, and personal representatives of the parties hereto, and shall be construed according to the laws of the Commonwealth of Virginia.

14. ASSIGNMENT: Buyer may assign this Purchase Agreement without the written consent of the Seller at Buyer's sole discretion.

15. ACCEPTANCE: Upon the date of the final acceptance in writing of all the terms of the Purchase Agreement (not the date of removal or expiration of any contingencies), this Purchase Agreement becomes legally binding and enforceable. Any changes must be made by written amendment.

**This agreement is subject to bankruptcy court approval.**

THIS IS A LEGALLY BINDING AGREEMENT: IF NOT UNDERSTOOD, SEEK LEGAL ADVICE.

**The undersigned hereby acknowledges receipt of a complete copy of pages 1 & 2 of this document & any attachments referred to herein.**

*[Signed: Michael]*     5-12-2021

Buyer Signature                    Date                    Seller Signature                    Date

_____
Seller Print


_____
Seller Signature                    Date

_____
Seller Print

Seller's Address_____
_____
_____
_____

Seller's Initials _____ Seller's Initials _____ Buyer's Initials _____